The undersigned have reviewed the prior Opinion and Award based upon the record before Deputy Commissioner Cramer and the briefs and oral arguments of the parties. Defendants have not shown good ground to amend the Opinion and Award with regard to their appeal. However, plaintiff has shown good ground to reconsider the evidence. Therefore, the Full Commission affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before Deputy Commissioner Cramer as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employment relationship existed between plaintiff-employee and defendant-employer.
3. Plaintiff sustained two compensable injuries by accident, the first on March 15, 1996 and the second on April 17, 1996.
4. The parties agreed to an average weekly wage of $296.00.
5. Defendants contend that plaintiff is entitled only to compensation for the ten percent rating to the foot. This was agreed to pursuant to the Form 26 approved by Deputy Commissioner Cramer. Plaintiff contends that he sustained additional injuries for which compensation is owed. Therefore, the primary issue before the Deputy Commissioner was the extent of any additional injury to plaintiff, other than the left foot. This issue was decided on the basis of the stipulations and the medical records submitted by the parties. There was also the issue of plaintiffs counsels attorney fee under the Form 26.
 ***********
The Full Commission rejects in part and adopts in part the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a Hispanic male, who was born on October 6, 1949. Plaintiff is not fluent in English and would need a Spanish translator in order to testify or effectively fully communicate. He has worked in manual labor most of his life.
2. Plaintiff sustained an injury by accident on March 15, 1996, when he was thrown off a recycling truck. Plaintiff was seen in the emergency room and in follow-up by Dr. J. B. Lange at Western Carolina Occupational Health Center. When Dr. Lange examined him on March 18, 1996, plaintiff complained of pain in his arms, shoulders and neck.
3. On April 17, 1996, plaintiff sustained an injury by accident when a vehicle ran over his left foot. Plaintiff was again seen at the hospital emergency room and continued in follow-up with Dr. Lange.
4. Plaintiff continued to complain of pain in his left ankle and foot and pain in his right wrist and right hip. These complaints continued into October 1996, at which time Dr. Lange referred plaintiff for an orthopedic consultation with Dr. Herbert Phillips. The records do not indicate any further visits with Dr. Lange after November 1996.
5. When Dr. Phillips examined plaintiff on November 25, 1996, plaintiffs chief complaints were left foot and right arm pain. Dr. Phillips assessed him with a Lis Franc joint strain and tendinitis. He noted that plaintiff had high arches and suggested that custom molded arch supports would be helpful. He did not find anything objectively wrong with plaintiffs right arm or wrist. Plaintiff had no significant complaints about his back, although he indicated that he had intermittent right leg pain that seemed to be coming from his back. Dr. Phillips noted some pre-existing degenerative disc disease. He did not think further diagnostic tests for the back were warranted.
6. Plaintiff was also sent to Pardee Memorial Hospital Physical Therapy, where he was assessed on October 25, 1996. Plaintiff continued to complain of right arm and right hip pain in addition to his left foot pain.
7. As of May 22, 1997, Dr. Phillips found plaintiff to be at maximum medical improvement with a ten percent permanent impairment of his left foot. Dr. Phillips did not mention any other permanent injury or impairment.
8. Plaintiffs counsel sent him to Dr. Todd Guthrie at Park Ridge Orthopedics, P.A. for an independent medical evaluation (IME) on April 8, 1998. This was almost a year after plaintiff had been rated and released by Dr. Phillips.
9. Dr. Guthrie assessed plaintiff with a crush injury to his left foot and a ten percent permanent impairment to that foot. He also assessed a one percent permanent impairment to plaintiffs right hand due to residual symptoms from the sprain, with a "likely fibrocartilage tear. Finally, Dr. Guthrie assessed a two percent permanent impairment to the back for a mild lumbar disc injury with right lower extremity sciatica. He assessed no permanent impairment to plaintiffs right shoulder and right forearm.
10. The medical evidence indicates that plaintiff continued to complain of his right hand and intermittent back pain. Although Dr. Phillips did not mention any other permanent impairment, the focus of his treatment appeared to be plaintiffs left foot.
11. In weighing the evidence, the undersigned have considered Dr. Guthries assessments in the context of plaintiffs continued complaints of right hand and sciatic pain. Based upon these complaints, Dr. Guthries assessments do not appear inappropriate and are considered accurate. Based upon Dr. Guthries assessment, plaintiff retains a one percent permanent impairment to his right hand and a two percent permanent impairment to his back due to his compensable injury of March 15, 1996.
12. As found by both Dr. Phillips and Dr. Guthrie, plaintiff has sustained a ten percent permanent impairment to his left foot. Compensation has been paid for this injury under the Form 26 previously approved by the Deputy Commissioner. Although defendants contend that there was no dispute regarding this rating, plaintiffs counsel provided legal services and expended time obtaining an IME to attempt to contest the initial ten percent rating. In addition, the language barrier was a complicating factor in the resolution of this issue.
13. Plaintiff and his attorney entered into a contingency fee contract indicating that plaintiffs counsel would receive as attorneys fees twenty-five percent of the compensation to be paid to plaintiff. Considering the customary fee, the facts of the case including the language barrier, the time expended by plaintiffs attorney including obtaining the IME and all circumstances surrounding the case, this contract is reasonable.
14. Plaintiff pursued this matter on reasonable grounds and did not engage in stubborn and unfounded litigiousness.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes the following
 CONCLUSIONS OF LAW
1. As a result of his compensable injury of April 17, 1996, plaintiff has sustained a ten percent permanent impairment to his left foot for which compensation has been paid pursuant to the Form 26 approved by Deputy Commissioner Cramer on March 23, 1999. Therefore, no more compensation is due for this injury. N.C. Gen. Stat. 97-31(14).
2. Although in hindsight it may appear that the rating to plaintiffs left foot was never disputed, there were efforts made to dispute it by plaintiffs attorney including obtaining an IME and performing other legal services. Furthermore, plaintiffs counsels contract with plaintiff for an attorneys fee in the amount of twenty-five percent of the recovery is reasonable. Therefore, an attorneys fee in the amount of $690.69 of the compensation due under the Form 26 previously approved by Deputy Commissioner Cramer is reasonable. N.C. Gen. Stat. 97-90.
3. As a result of his compensable injury of March 15, 1996, plaintiff has sustained a one percent permanent impairment to his right hand and a two percent permanent impairment to his back, for which he is entitled to payment of benefits subject to an attorneys fee hereinafter approved consistent with the reasonable attorneys fee for services rendered pursuant to the contingency fee contract. N.C. Gen. Stat. 97-31 and 97-90.
4. Plaintiffs average weekly wage of $296.00 yields a weekly compensation rate of $197.34. N.C. Gen. Stat. 97-2(5).
5. Defendants are not entitled to attorneys fees and costs as plaintiff pursued this matter on reasonable grounds. N.C. Gen. Stat. 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay plaintiff compensation at the rate of $197.34 per week for two weeks as compensation for his one percent permanent impairment to his right hand.
2. Defendants shall pay plaintiff compensation at the rate of $197.34 per week for six weeks as compensation for his two percent permanent impairment to his back.
3. The above benefits having accrued, they shall be paid in a lump sum, subject to the attorneys fee approved hereafter.
4. An attorneys fee of twenty-five percent of plaintiffs recovery for his right hand and back impairments is approved for plaintiffs counsel, to be deducted from the amount due plaintiff and paid directly to his counsel. In addition, an attorneys fee of twenty-five percent of plaintiffs recovery for his left foot from the previously approved Form 26 is approved for plaintiffs counsel, to be deducted from the amount due under the Form 26 and paid directly to plaintiffs counsel.
5. Defendants motion for attorneys fees and costs for stubborn and unfounded litigiousness pursuant to N.C. Gen. Stat. 97-88.1 is hereby and the same shall be Denied.
6. Defendants shall pay the costs.
This the ___ day of June 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER